UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA DAVIS-HARRIS,

     Plaintiff,

                                        Case No. 25-cv-11617

v.                                   Hon. Matthew F. Leitman

CARRINGTON MORTGAGE SERVICE, *et al.*,

     Defendants.

_____/

### ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF Nos. 49, 56) TO REPORTS AND RECOMMENDATIONS (ECF Nos. 48, 55); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORTS AND RECOMMENDATIONS; AND (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF No. 14, 21)

In this action, Plaintiff Julia Davis-Harris brings claims against Defendants Carrington Mortgage Service, LLC ("Carrington") and Orlans Law Group PLLC ("Orlans") arising out of the servicing and foreclosure of her mortgage. (*See* Compl., ECF No. 1.)  Davis-Harris purports to bring claims under the Fair Debt Collection Practices Act (the "FDCPA"), 12 U.S.C. § 1692 *et seq.*, and the Real Estate Settlement Procedures Act (the "RESPA"), 12 U.S.C. § 2601 *et al.*, as well as claims for slander of credit and the intentional infliction of emotional distress. (*See id.*)

Both Defendants have now filed motions to dismiss. (*See* Mots., ECF No. 14, 21.)  The motions were referred to the assigned Magistrate Judge.  On November 5, 2025, the Magistrate Judge issued a report and recommendation in which he

1

recommended that the Court (1) grant Orlans' motion, (2) dismiss Davis-Harris' federal claims against Orlans, and (3) decline supplemental jurisdiction over any state-law claims brought against Orlans (the "Orlans R&R"). (*See* Orlans R&R, ECF No. 48.)  On January 28, 2025, the Magistrate Judge issued a second report and recommendation in which he recommended that the Court reach the same conclusion and result with respect to Carrington's motion and the claims brought against Carrington (the "Carrington R&R"). (*See* Carrington R&R, ECF No. 55.)

Davis-Harris has now filed purported objections to both R&Rs. (*See* Objs., ECF Nos. 49, 56.)  As explained below, neither objection even attempts to address the legal reasoning or analysis included in the R&Rs.  The purported objections are thus tantamount to no objections at all.  And they provide no basis on which to disturb the recommended disposition of either R&R.  Accordingly, the Court will **ADOPT** the recommended disposition of both the Orlans R&R and the Carrington R&R, **GRANT** Defendants' motions to dismiss, **DISMISS** Davis-Harris' federal claims, and **DECLINE** supplemental jurisdiction over her state-law claims.

**I**

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).

2

The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II

## A

The Court begins with the Carrington R&R.  In that report, over the course of thirty pages, the Magistrate Judge carefully reviewed Davis-Harris' claims against Carrington, and he explained in detail why Davis-Harris had failed to state viable claims against Carrington under either the FDCPA or the RESPA.  (*See generally* Carrington R&R, ECF No. 55.)  He also concluded that, to the extent Davis-Harris sought to bring a federal claim against Carrington for the slander of her credit, that claim also failed. (*See id.*, PageID.740-742.)   Finally, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Davis-Harris' state-law claims against Carrington. (*See id.*, PageID.742-743.)

At the conclusion of the Carrington R&R, the Magistrate Judge explained that Davis-Harris had the right to file objections to his recommendations. (*See id.*, PageID.743-744.)   The Magistrate Judge instructed Davis-Harris that "[a]ny objection must recite precisely the provision of this Report and Recommendation to which it pertains," and he told her that "[f]iling objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation." (*Id.*)

Davis filed purported objections to the Carrington R&R on February 10, 2025. (*See* Objs., ECF No. 56.)   But those three-page objections do not address the Carrington R&R in any way.  They never mention the Carrington R&R, nor do the objections attempt to show any error in the Magistrate Judge's reasoning or analysis. Thus, the objections are tantamount to no objections at all.  *See Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not "specifically address how [the Magistrate Judge's] factual and legal recommendations were incorrect" and did not address the Magistrate Judge's reasoning); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that an "objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed"). Under these circumstances, where a plaintiff has not filed any cognizable objections to an R&R, a plaintiff has waived the right to review. *See Thomas,* 474 U.S. at 149. *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions").  The Court therefore **OVERRULES** Davis-Harris' objections to the Carrington R&R on this basis. The Court further **ADOPTS** the recommended disposition of Carrington R&R, **GRANTS** Carrington's motion to dismiss (ECF No.

4

14), **DISMISSES** Davis-Harris' federal claims against Carrington, and **DECLINES** to exercise supplemental jurisdiction over Davis-Harris' state-law claims against Carrington.

**B**

The Court next turns to the Orlans R&R.  As with Davis-Harris' claims against Carrington, the Magistrate Judge carefully reviewed Davis-Harris' claims against Orlans and concluded that Davis-Harris had not pleaded any viable federal claims against Orlans. (*See* Orlans R&R, ECF No. 48.)  More specifically, he determined that the only federal claim against Orlans was brought pursuant to the FDCPA, and he explained why Davis-Harris had failed to state a plausible FDCPA claim against Orlans. (*See id.*, PageID.627-629.)  He therefore recommended that the Court grant Orlans' motion to dismiss and decline supplemental jurisdiction over Davis-Harris' state-law claims against Orlans. (*See id.*)  Finally, the Magistrate Judge explained to Davis-Harris that if she wanted to file objections to his recommendations, she needed to file specific objections with this Court that "recite[d] precisely the provisions of this Report and Recommendation to which [the objections] pertain[]." (*Id.*, PageID.631.)

Davis-Harris filed objections to the Orlans R&R on November 21, 2025. (*See* Objs., ECF No. 49.)  But as with her objections to the Carrington R&R, Davis-Harris' objections never mention the Magistrate Judge's reasoning in the Orlans

5

R&R, and she makes no attempt to show any particular error in the Magistrate Judge's legal analysis.  Her objections therefore fail on that basis alone. *See*, *e.g.*, *Fields, supra*; *Miller*, *supra*.  The Court **OVERRULES** Davis-Harris' objections to the Orlans R&R on this basis.

The Court has nonetheless conducted its own independent review of Davis-Harris' Complaint, and the Court concludes that she has not plausibly alleged that Orlans violated the FDCPA.  Indeed, while the Complaint contains a handful of specific allegations concerning allegedly-improper conduct by Carrington, the Complaint says little, if anything, about any specific acts or omissions by Orlans.  At most, the Complaint says that Orlans violated Section 1692g(b) of the FDCPA, 15 U.S.C. § 1692g(b), when it failed to provide a "wet ink" copy of her promissory note (Compl., ECF No. 1, PageID.6), but an alleged debt collector "is not required to provide the original 'wet-ink' signature promissory note to satisfy its debt verification requirements under § 1692g(b)." *Williams v. Nationstar Mortg. LLC*, No. 2:24-CV-4259, 2025 WL 2696476, at *3 (S.D. Ohio Sept. 22, 2025) (collecting cases).  The Court **OVERRULES** Davis-Harris' objections to the Orlans R&R on this additional and independent basis.

The Court therefore **ADOPTS** the recommended disposition of the Orlans R&R, **GRANTS** Orlans' motion to dismiss, **DISMISSES** Davis-Harris' federal

6

claims against Orlans, and **DECLINES** to exercise supplemental jurisdiction over Davis-Harris' state-law claims against Orlans.

### III

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Davis-Harris' objections to the Carrington R&R (ECF No. 56) and to the Orlans R&R (ECF No. 49) are **OVERRULED**;

- The recommended dispositions of the Carrington R&R (ECF No. 55) and the Orlans R&R (ECF No. 48) are **ADOPTED**;

- Carrington's motion to dismiss (ECF No. 14) and Orlans' motion to dismiss (ECF No. 21) are **GRANTED**;

- Davis-Harris' federal claims against the Defendants are **DISMISSED**; and

- The Court **DECLINES** to exercise supplemental jurisdiction over Davis-Harris' state-law claims.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 25, 2026

7

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 25, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

8